WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Spencer,<br><br>        Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>        Defendant. | No. CV-22-00930-PHX-MTL<br><br>**ORDER** |

**I.**

Plaintiff Darrell Spencer sues Defendant Equifax Information Services LLC ("Equifax") alleging violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681, *et seq*. The Act aims to ensure "fair and accurate credit reporting" of consumers' credit worthiness, uphold the integrity of and confidence in the Nation's banking system, and protect consumer privacy. 15 U.S.C. § 1681(a)(1), (4). Equifax is a consumer reporting agency subject to the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681a(f). A consumer reporting agency that prepares a consumer report must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The Act establishes civil liability for willful and negligent violations by credit reporting agencies. 15 U.S.C. §§ 1681n, 1681o.

Credit One closed Mr. Spencer's credit account, leaving a balance due. (Doc. 1 ¶ 8.) Mr. Spencer contends that he "has neither the right nor the obligation to satisfy this debt in monthly installments." (*Id*.) His Equifax credit report, however, indicates a "scheduled

monthly payment amount of $106.00." (*Id*. ¶ 7.) This, Mr. Spencer claims, is erroneous. Because he lacks "the right" to make monthly payments on this Credit One debt, Mr. Spencer maintains that the credit report should reflect a "monthly payment amount of $0.00." (*Id*. ¶¶ 8, 9.) Mr. Spencer further alleges that, until this information is corrected, his credit history as reported by Equifax is "false, misleading, and inaccurate," resulting in various categories of damages. (*Id*. ¶¶ 17-20, 35, 42.)

Equifax filed an Answer and now moves for a judgment on the pleadings in its favor. (Docs. 6, 22.)

## II.

A motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), is "'functionally identical' to a Rule 12(b)(6) motion." *Gregg v. State of Haw., Dep't. of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). The court must accept all the complaint's well-pleaded factual allegations as true and draw reasonable inferences in favor of the non-moving party. *Id*. at 886-87. "A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Id*. at 887 (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

## III.

Equifax argues that it is entitled to judgment as a matter of law because its reporting of Mr. Spencer's $106.00 monthly payment obligation to Credit One is accurate. According to Equifax, "a 'closed' notation on an account does not relieve Plaintiff of his obligation to make payments on or pay off the balance of the debt." (Doc. 22 at 2.) Equifax relies on *Williams v. Equifax Info. Servs., LLC*, No. ED CV-18-02457-JAK (SHKx), 2019 WL 3243737 (C.D. Cal. May 6, 2019), where the court held that the debtor's complaint failed to state a claim. The complaint in that case alleged [i] the plaintiff's credit account was "charged off and closed," [ii] the plaintiff "no longer has an obligation to make monthly payments," and [iii] the credit report showed a monthly payment amount where it should have reported $0.00. *Id*. at *4. The plaintiff argued that, rather than show a monthly

payment on her credit report, the balance due to the creditor should be "report[ed] . . . as a lump sum." *Id*. The court rejected this argument, reasoning that the complaint failed to allege any facts that plaintiff was precluded from "satisfy[ing] her remaining debt obligation through monthly payments in the amounts [the creditor] has reported." *Id*. at *5. If the monthly payment avenue were available, then, "the scheduled monthly payment amounts reported by [the creditor] might provide a representation of [the plaintiff's] account status that is neither 'patently incorrect' nor 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id*. (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Mr. Spencer responds that *Williams* is inapplicable because his complaint alleges that he does not have "***the right** . . . **to satisfy these debts in monthly installments***."[1] (Doc 26 at 4 (quoting Doc. 1 ¶ 8) (emphasis added).) The complaint at issue in *Williams* lacked such an allegation, that plaintiff was contractually precluded from making monthly payments, thus enabling that court's conclusion that she might pay down her debt in monthly installments.[2]

"[T]o make out a *prima facie* violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citation omitted). As noted, the Complaint's well-pleaded allegations are accepted as true and reasonable inferences are drawn in Mr. Spencer's favor. Neither party attached the Credit One account's terms to their briefs and, as far as the Court can tell, they are not in the record. Without an agreement to the contrary, the Court must accept as true, for this Motion, the Complaint's allegation that Mr. Spencer has no right to make monthly payments on his Credit One account balance now that it is closed. If it is indeed the case that Mr. Spencer cannot make monthly payments, even if he chose to do so, the $106.00

---

[1] Credit One was named as a defendant in the Complaint but, later, voluntarily dismissed by Mr. Spencer pursuant to a mandatory arbitration agreement. (Doc. 17.)
[2] In *Williams*, the court granted plaintiff leave to amend her complaint to correct the identified pleading deficiencies and "include allegations as to any options available to Plaintiff for satisfying her debt . . . including by making monthly payments in the amounts reflected in the Equifax credit report." 2019 WL 3243737, at *7.

monthly payment information as reported by Equifax "is inaccurate on its face." See *Lovelace v. Equifax Info. Servs. LLC*, No. CV-18-04080-PHX-DWL, 2019 WL 2410800, at *4 (D. Ariz. June 7, 2019).

## IV.

The Court finds that the Complaint alleges a factual inaccuracy that is actionable under the Fair Credit Reporting Act. Therefore,

**IT IS ORDERED**:

1. The Motion for Judgment on the Pleadings (Doc. 22) is **denied**.
2. All remaining deadlines are **affirmed**.

Dated this 10th day of May, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge